Farmer v. Hawkins, &c.

CASE 33—EQUITY—DECEMBER 9, 1880.

# Farmer v. Hawkins, &c.

APPEAL FROM FRANKLIN CIRCUIT COURT.

1. To obtain the benefit of the exception contained in the act of 1856, the mortgage must have been made in good faith.
2. It must have been made to secure a debt or liability created simultaneously with it.
3. It must have been recorded within thirty days after its execution.

A. J. JAMES FOR APPELLANT.

1. There is no substantial allegation in the pleading of appellee that the assignment was made in contemplation of insolvency. The liability was incurred simultaneously with the mortgage. Hawkins was not, in fact, then unable to pay his debts.
2. There was no intent to defraud creditors. The creditors of Hawkins had notice of the mortgage by the recitals of the deed of assignment. (Swigert v. Bank of Ky., 17 B. Mon., 268; Bennett v. Titherington, 6 Bush, 196; Underwood v. Ogden, 6 B. Mon., 607; Ward v. Crotty, 4th Met., 61; Gen. Stat., 259; 1 Story's Eq. Ju., 387; Gen.. Stat., 714; Thompson v. Heffner, 11 Bush, 360.)

D. W. LINDSEY FOR APPELLEE.

1. The mortgage from Hawkins to Farmer was not recorded within thirty days after its execution. (Gen. Stat., 490.),

2. The certificate is insufficient, and though the mortgage may have been recorded, it is not a legally recorded instrument. (Miller v. Henshaw, 4 Dana, 330; Franklin v. Beeker, 11 Bush, 595; Broadwell v. King, 3 B. Mon., 450; Dougherty v. Kircheval, 1 Mar., 52; 3 J. J. Mar., 13; Phillips, v. Clarke, 4 Met., 348.)
3. The assignee accepted the conveyance to him for the benefit of Hawkins' creditors without notice of appellant's mortgage. (Hildoburn v. Brown, 17 B. Mon., 783.)
4. Hawkins was actually insolvent when the mortgage was executed.

CHIEF JUSTICE COFER DELIVERED THE OPINION OF THE COURT.

The facts in this case are, in substance, these : Hawkins, being insolvent, and liable to Farmer as surety for his (Hawkins') son, on a note for $500, Farmer loaned Hawkins $1,000, and surrendered the $500, and took a mortgage on Hawkins' land for $1,500.

The mortgage was not recorded nor lodged for record for some months after its date.   In the meantime, Hawkins made a general assignment for the benefit of all his creditors, but referring in the deed of assignment to the mortgage to Farmer in such way as to give notice to all claiming under the deed of the existence of the mortgage. In a day or two after the deed of assignment was executed and lodged for record, Farmer had his mortgage recorded. More than six months after the date of the mortgage, Gault, a judgment creditor of Hawkins, brought suit against Hawkins and Farmer for the purpose of having the mortgage to Farmer adjudged within the act known as the act of 1856, now article 2, chapter 44, of the General Statutes.

A mortgage within the act of 1856, though fraudulent in law, is not fraudulent in fact; and although the mortgage may be within the statute as to the antecedent debt, yet to the extent that money was loaned simultaneously with the execution of the mortgage, Farmer is entitled to hold it as

a security for the repayment of the loan, unless he has lost that right by failing to record his mortgage in time.

The first section of the act provides that every mortgage, &c., made by a debtor in contemplation of insolvency, and with the design to prefer one or more creditors to the exclusion, in whole or in part, of others, shall operate as an assignment and transfer of all the property and effects of such debtor, and shall inure to the benefit of all his creditors (except as therein provided) in proportion to the amount of their respective demands; "but nothing in this article shall vitiate or affect any mortgage made in good faith to secure any debt or liability created simultaneously with such mortgage, if the same be recorded within thirty days after its execution."

It is contended for Farmer, that as his mortgage was given to secure $1,000, loaned simultaneously with the execution of the mortgage, and notice of its existence was brought home to Gault and the other creditors before they had perfected their right to the property or its proceeds, he has a right to be preferred for that amount to the extent of the property mortgaged.

It is contended, on the other hand, that as the mortgage was in part to secure an antecedent debt, and, as to that part, was within the statute, and the mortgage not having been recorded within thirty days after it was executed, Farmer has no right to a preference, even for the thousand dollars loaned simultaneously with the execution of the mortgage.

It is clear that, but for the last clause of the section, *supra*, no preference could be allowed for any part of the debt attempted to be secured by the mortgage.

The mortgage was made in contemplation of insolvency, and with the design to prefer Farmer as to the antecedent debt of $500, and it operated *ipso facto* and *eo instanti* to transfer all his estate for the benefit of all his creditors in proportion to the amount of their respective demands. Thus far there is no provision for any preference.

The last clause of the sentence does, however, provide for a preference in a given state of case.

But this clause is in the nature of a proviso or condition excepting mortgages under certain circumstances from the sweeping provisions contained in the preceding part of the section. To be within the exception or saving, (1) the mortgage must have been made in good faith; (2) it must have been made to secure a debt or liability created simultaneously with it, and (3) it must have been recorded within thirty days after its execution.

The legislature might have omitted the saving altogether, and thus have deprived a mortgagee of any preference in case the debtor was insolvent, and made the mortgage with the design to apply money or property received thereon to prefer a creditor.

But it saw proper, instead of doing so, to provide that a mortgage made upon a simultaneous consideration shall not be vitiated or affected upon condition that it is recorded within thirty days. This is equivalent to saying that if not so recorded it shall be affected, and the mortgaged property shall pass to the creditors generally with the residue of the mortgagor's estate.

The judgment is in accordance with these views, and must be affirmed.